# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2011

Lyle W. Cayce
Clerk

No. 10-60537
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DON RAY SALTOU,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-108-1

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Don Ray Saltou appeals his conviction and sentence for knowingly and willfully using a telephone to threaten to damage or destroy the VA Medical Center in Jackson, Mississippi. He asserts that the evidence is insufficient to support his conviction because the Government did not establish that Saltou made a true or serious threat, given that he was merely attempting to advise medical staff of his psychological issues and need for treatment. Additionally, he maintains that the Government did not prove that he acted willfully. We

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"review[] the evidence in the light most favorable to the government with all reasonable inferences and credibility choices made in support of a conviction." *United States v. Anderson*, 559 F.3d 348, 353 (5th Cir. 2009).  After reviewing the trial testimony and exhibits, we conclude that a reasonable juror could have found that Saltou's threat, when reviewed in context, "would have a reasonable tendency to create apprehension that its originator will act according to its tenor."  *United States v. Morales*, 272 F.3d 284, 287 (5th Cir. 2001) (internal quotation marks and citation omitted).  Moreover, a reasonable juror could find that Saltou "voluntarily and intelligently utter[ed] the words as a declaration of an apparent determination to carry out the threat," establishing willfulness. *See id.*

Additionally, Saltou argues that the district court abused its discretion in refusing to permit him to admit exhibits at trial.  He argues that the evidence, consisting of notes taken by a VA nurse in May and July 2009, were relevant to show that he was encouraged to express his concerns and his psychological state openly, thus establishing a context for the charged threat occurring in October 2009.  Contrary to Saltou's assertion, the proffered evidence does not make it less probable that the jury would find Saltou's October 2009 threat was a serious one or that he was acting willfully when he made the threat.  *See* FED. R. EVID. 401.  As a result, the district court did not abuse its discretion in refusing to admit the exhibits at trial and in denying Saltou's motion for a new trial on this ground.  *See United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011); *United States v. O'Keefe*, 128 F.3d 885, 893 (5th Cir. 1997).  Consequently, the judgment of the district court is AFFIRMED.